# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**JUSTIN UNDERWOOD**                                               **PETITIONER**

**VS.**                                          **CIVIL ACTION NO. 3:06CV273DPJ**

**CHRISTOPHER EPPS and SUPT.**
**LAWRENCE KELLY, Superintendent,**
**Mississippi State Penitentiary**                                     **RESPONDENTS**

## ORDER DENYING MOTION TO STAY AND ABATE

This matter came before the Court on the Petitioner's Motion to Stay and Abate Pending State Court Successive Petition, in which he asks the Court to stay the proceedings in this case until the Mississippi Supreme Court rules on a recently-filed petition for post-conviction relief. The state court petition is based on a claim that the prosecution withheld potentially exculpatory evidence, in contravention of *Brady v. Maryland*, 373 U.S. 83 (1963). According to Petitioner, he only recently discovered the basis for that claim. Respondents argue that the claim is not viable in this case, as it was not submitted to this Court within the statute of limitations provided by 28 U.S.C. § 2244(d)(1). After a review of the law and the facts of this case, the Court agrees.

Underwood's original Petition for Writ of Habeas Corpus was filed on May 19, 2006. According to Respondents, that was thirty-nine days before the statute of limitations ran. The Court permitted Underwood to file an Amended Petition, which was submitted on November 28, 2007. The *Brady* claim at issue here was not included in the original Petition, but appears in the Amended Petition. When Respondents answered the Amended Petition, they asserted that the *Brady* issue was

unexhausted, as it was never presented to the state court for review. The petition for post-conviction relief that was recently filed in state court is an attempt to exhaust that issue.

Although Underwood was permitted to amend his Petition, the *Brady* claim was filed beyond the one-year limitations period provided in 28 U.S.C. § 2244(d)(1). Accordingly, the claim is time-barred unless it relates back to the original pleading as addressed in Fed. R. Civ. P. 15(c)(1). Respondent contends that the issue cannot relate back for the reasons stated in *Mayle v. Felix*, and that there is no need to stay or abate while Underwood exhausts an otherwise defective federal claim. 545 U.S. 644, 663-64 (2005). Underwood filed no rebuttal despite having been granted two extensions to do so, the most recent of which was granted October 28, 2009.

The Court understands that the *Brady* issue may rest on newly discovered evidence that could justify equitable tolling of the statute of limitations on that claim. However, the Court has been directed to no authority that would permit Underwood to add this claim to his original Petition simply because it is based on new evidence, and Underwood has not attempted to relate it back to any issue raised in his original Petition. Neither party directed the Court to any authority suggesting whether a delinquently added claim creates a "mixed petition" of the sort addressed in *Rhines v. Weber*, 544 U.S. 269 (2005). There is some indication that it would not. *C.f., Kirton v. Ercole*, No. 9:08-CV-0719 (DNH), 2009 WL 192525, at *1 (N.D.N.Y. Jan. 27, 2009) ("Where, as here, a petitioner seeks a stay of a petition to exhaust a claim in state court and thereafter assert an otherwise untimely claim in an amended habeas petition, the petitioner must demonstrate that the proposed amendment is timely because it 'relates back' to the claims he asserted in his original petition.").

For these reasons, it appears that the *Brady* claim cannot be considered as part of this case. Thus, there is no need to stay or abate pending a resolution of the issue in state court, and Petitioner's

motion will be denied. However, because the issues relative to this new claim have not been fully addressed, the denial will be without prejudice to Underwood's making a similar request for relief at a later date.

IT IS, THEREFORE, ORDERED that the Petitioner's Motion to Stay and Abate Pending State Court Successive Petition [65] is hereby **denied**.

**SO ORDERED AND ADJUDGED** this the 12th day of January, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE